## Benfield Partners, Inc. v Home Record, LLC

2026 NY Slip Op 30856(U)

March 5, 2026

Supreme Court, New York County

Docket Number: Index No. 157656/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ARLENE P. BLUTH                    PART                    14

                                    *Justice*

-------------------------------------------------------------------------------X

BENFIELD PARTNERS, INC.,                            INDEX NO.          157656/2022

                        Plaintiff,                  MOTION DATE        03/04/2026

            - v -                                   MOTION SEQ. NO.    009 010

HOME RECORD, LLC,291 GRAND OWNER, LLC               **DECISION + ORDER ON**
                                                    **MOTION**
                        Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 231, 232, 233, 234, 235, 236, 237, 238

were read on this motion to/for            VACATE/STRIKE - NOTE OF ISSUE            .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248

were read on this motion to/for            VACATE/STRIKE - NOTE OF ISSUE/            .

Defendant Home Record LLC ("Home Record")'s motions (MS009 and 010) to strike the note of issue are decided as described below.[1]

**Background**

Plaintiff Benfield Partners, Inc. ("Benfield") is a contractor that was hired by defendant Home Record in 2021 to perform renovations on a property located at 291 Grand Street in Manhattan. Benfield brought this action for breach of contract and foreclosure of a mechanic's lien against the subject property.

---

[1] It seems that the notice of motion for MS009 referenced the wrong Index Number and case (NYSCEF Doc. No. 208). For some reason, movant did not simply withdraw the motion on NYSCEF. Counsel for movant's email request that this Court delete this motion and withdraw the motion on his behalf was not sufficient. This Court does not have the power to "delete" an entire motion although it may restrict access to certain documents.

[* 1]

On January 15, 2026, this Court issued a discovery order observing that the parties had failed to provide an update regarding discovery as previously required by this Court (NYSCEF Doc. No. 202). The order added that the previous court order had expressly warned that the failure to upload an update might result in the Court setting a note of issue deadline and so the Court set a note of issue deadline (*id.*). The undersigned also provided that the parties should make a motion if they wanted to extend the note of issue deadline (*id.*).

Plaintiff filed the note of issue on January 22, 2026 (NYSCEF Doc. No. 205), well prior to the Court's February 27, 2026 deadline. Home Record now seeks to vacate the note of issue and claims that plaintiff has refused to produce records and instead swore in a *Jackson* affidavit that it does not possess any records.

Plaintiff contends that Home Record simply does not like what plaintiff has produced. It asserts it has turned over bank records listing the five payments from Home Record. Plaintiff contends that after this Court issued the January 15, 2026 order directing the filing of a note of issue, Home Record did not ask for an extension or ask plaintiff to hold off on filing the note of issue. Plaintiff also contends that it addressed the two issues identified in a deficiency letter sent by counsel for Home Record in late January 2026.

In reply, Home Record contends that plaintiff's certification of the end of discovery was incorrect and complains that plaintiff failed to sit for a deposition.

**Discussion**

Despite the parties' long history of raising issues about discovery in this case, the parties ignored this Court's deadline to upload something about discovery which prompted the Court to

157656/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD, LLC ET AL
Motion No.  009 010

Page 2 of 4

2 of 4

set a note of issue deadline. This Court sets those deadlines to ensure that cases stay on track and not devolve into a cycle of endless motion practice concerning issues far away from the merits.

In this Court's view, plaintiff met its obligations by submitting a *Jackson* affidavit and therefore the Court declines to order it to produce records again. This Court cannot force a party to produce items it does not possess. Home Record's position that plaintiff will not be able to prove its case is not a basis for this Court to direct plaintiff to produce documents it swears it does not have.

However, depositions should go forward. Therefore, the Court strikes the note of issue and sets a new note of issue deadline for April 17, 2026. That is more than enough time to complete depositions. No extensions will be granted absent a showing of good cause (i.e., documented health issues or death certificates). If a party fails to make itself available for deposition, then it may be precluded from offering testimony at trial or on any motion – so do not wait for the last minute; make sure you schedule and complete the depositions well before the deadline.

Accordingly, it is hereby

ORDERED that defendant Home Record LLC's motion (MS009) is denied as it concerns a different case; and it is further

ORDERED that defendant Home Record LLC's motion (MS010) is granted to the extent that the note of issue is stricken and that the new note of issue deadline is April 17, 2026— depositions must be complete before this new deadline; and it is further

157656/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD, LLC ET AL                Page 3 of 4
Motion No.  009 010

3 of 4

ORDERED that the motion to vacate the note of issue is granted and the note of issue is vacated and the case is stricken from the trial calendar; and it is further

ORDERED that, within 15 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

ORDERED that such upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

| | | | |
|---|---|---|---|
| **3/5/2026** | | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]